OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 23, 2001

The Honorable Robert F. Vititow
Rains County Attorney
113 North Texas
P. O. Box 1075
Emory, Texas 75440

Opinion No. JC-0384

Re: Whether a "joint clerk" who performs the duties of both the district clerk and the county clerk is entitled to complete the term of office to which elected when the county's population exceeds eight thousand persons after the release of the 2000 United States Census of Population (RQ-0339-JC)

Dear Mr. Vititow:

Pursuant to article V, section 20 of the Texas Constitution and section 51.501(a) of the Government Code, Rains County has a "joint clerk" who serves as both the district clerk and the county clerk. You ask our opinion as to whether the clerk in Rains County is entitled to complete her term of office if the county's population is shown to exceed eight thousand persons after the release of the 2000 United States Census of Population. Should census figures require it, we conclude that such office is to be separated at the expiration of the term of office to which the incumbent was elected rather than on the date of recognition of a new census report. The present "joint clerk" in Rains County who performs the duties of both the district clerk and the county clerk is entitled to complete the term of office to which she was elected.

Article V, section 20 of the Texas Constitution states "that in counties having a population of less than 8,000 persons there may be an election of a single Clerk, who shall perform the duties of District and County Clerks." TEX. CONST. art. V, § 20. Section 51.501 of the Government Code is entitled "Joint Clerks," and provides that "a county with a population of less than 8,000 shall elect a single clerk to perform the duties of the district clerk and the county clerk[,]" except as otherwise provided by statute. TEX. GOV'T CODE ANN. § 51.501(a) (Vernon 1998); see id. § 51.501(b) (special election may be held to keep offices of district and county clerk separate).

You relate that your "present Clerk was elected to a four-year term of office which began on January 1, 1999, and will end on December 31, 2002."[1] You expect the new census of population to be released prior to the expiration of the clerk's elected term and anticipate that the results will

---

[1]Letter from Honorable Robert F. Vititow, Rains County Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (Jan. 9, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

reflect a population in Rains County of at least eight thousand persons.[2] You ask for guidance as to how to proceed. If the office is required to be split immediately upon the release of the new census, you ask whether the present clerk becomes the district clerk, the county clerk, or neither. Should an immediate split be required, you wish to know whether there must be a new election or whether the vacated office is filled by appointment. *See* Request Letter, *supra* note 1, at 1.

This office was asked similar questions regarding Andrews County, which expected its population to increase after the release of the 1960 United States Census of Population, and answered thus:

> Where a county had a population of less than 8,000 inhabitants, according to the 1950 Federal Census, and has a population of more than 8,000 inhabitants, according to the 1960 Federal Census, the combined office of a single clerk who shall perform the duties of the district and county clerk [does] not become separated until the expiration of the term of office to which the incumbent was elected, January 1, 1963.

Tex. Att'y Gen. Op. No. WW-864 (1960) at 3-4.

A governmental entity "may not recognize or act on a report or publication, in any form, of a federal decennial census, in whole or in part, before September 1 of the year after the calendar year during which the census was taken." TEX. GOV'T CODE ANN. § 2058.001(a) (Vernon 2000). If the census report is published after September 1, a governmental entity may recognize and act on a published report on the date of its publication. *See id.* § 2058.001(b). "In this section, 'governmental entity' means the state or an agency or political subdivision of the state." *Id.* § 2058.001(c). Thus, any change in the population of Rains County will affect the district-county clerk in Rains County only after September 1, 2001, or the publication date, if later.

Attorney General Opinion WW-864 (1960) cites two previous attorney general opinions, WW-851 (1960) and 2249 (1920), which relate to offices that had previously been combined by virtue of a county's population and the effect of a new census of population on those offices. *See* Tex. Att'y Gen. Op. No. WW-851 (1960); Tex. Att'y Gen. Op. No. 2249 (1920) (C. M. Cureton administration); TEX. CONST. art. VIII, § 16 (sheriff of each county, in addition to his other duties, shall be the tax assessor-collector in counties with population under ten thousand persons). Attorney General Opinion 2249 (1920) addresses the combined offices of sheriff and tax collector:

> The office, as to the person holding it, is one and indivisible . . . .
> There is no provision in our Constitution or statutes for the *election*
> of a tax collector [other] than at a general election.
>
>       . . . .

---

[2]Preliminary figures issued by the United States Census Bureau on March 12, 2001, indicate that the population of Rains County is 9139, *available at* http://www.census.gov/.

> What we have said with respect to the office, or offices, of sheriff and tax collector is also applicable, by analogy, to the office, or offices, of county and district clerk . . . .

Tex. Att'y Gen. Op. No. 2249 (1920) at 5-7 (emphasis added).

Should new census figures require it, we conclude that the "joint office" of district and county clerk should be separated at the expiration of the term of office to which the incumbent was elected rather than on the date of recognition of a new United States Census of Population report. There is no provision in the Texas Constitution or in Texas statutes for the election of a district or county clerk other than at a general election.

## S U M M A R Y

The office of "joint clerk" who performs the duties of both the district clerk and the county clerk is to be separated, should census figures require it, at the expiration of the term of office to which the incumbent was elected rather than on the date a United States Census of Population report is recognized. There is no provision in the Texas Constitution or in Texas statutes for the election of a district or county clerk other than at a general election.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee